UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN M.,<br><br>                                    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>                                    Defendant. | Case No.:   26-cv-0411-DEB<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING ORDER**<br><br>**[DKT. NOS. 1, 3]** |

Before the Court is Plaintiff Christian M.'s Application to Proceed with his Complaint in forma pauperis ("IFP application").[1] Dkt. No. 3.

## I.    Motion to Proceed IFP

A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all assets, showing plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). The affidavit must "state the facts as to [the] affiant's poverty with some

---

[1]    In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotations omitted). An affidavit is sufficient if it shows the applicant cannot pay the fee "and still be able to provide himself [or herself] and dependents with the necessities of life." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

Plaintiff is challenging the denial of his Social Security Disability Insurance Benefits and Supplemental Security Income Benefits application. Dkt. No. 1, ¶ 6 (Compl.). Plaintiff has been unemployed for almost four years. Dkt. No. 3 at 2. Plaintiff's only income is $670 per month in "General Relief and Food Stamps[.]" *Id*. His reported checking account balance is $200 dollars. *Id*. Plaintiff's monthly expenses include $65 for rent, $185 for utilities, $300 for food, $72 for transportation, and $33 for rental of a post office box. *Id*. at 4–5. In total, Plaintiff's gross monthly expenses exceed his monthly income by $185.

Based on the foregoing, the Court finds Plaintiff has sufficiently shown he lacks the financial resources to pay his filing fee. The Court, therefore, **GRANTS** Plaintiff's IFP Application.

## II.   Screening the Complaint

The Court next turns to screening Plaintiff's complaint. *See Michael Edward M. v. Kijakazi*, No. 23-cv-1138-RBM-AHG, 2023 WL 5955302, at *2 (S.D. Cal. Aug. 30, 2023) ("Social Security appeals are not exempt from this [28 U.S.C. § 1915] screening requirement.") (citations omitted).

Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") require a complaint to:

(A) state that the action is brought under § 405(g);

**(B)** identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
**(C)** state the name and the county of residence of the person for whom benefits are claimed;
**(D)** name the person on whose wage record benefits are claimed; and
**(E)** state the type of benefits claimed.

Fed. R. Civ. P. Supp SS Rule 2(b)(1)(A)–(E). Rule 2(b)(2) further states a complaint "may include a short and plain statement of the grounds for relief."

Plaintiff's Complaint satisfies Rule 2(b)'s pleading requirements. Dkt. No. 1. It states this case is on appeal under 42 U.S.C. § 405(g); identifies the Commissioner's final decision as the Administrative Law Judge's ("ALJ") unfavorable decision; provides Plaintiff's name, states he resides in San Diego County; and states he is claiming Supplemental Security Income and Disability Insurance Benefits. *Id.* ¶ 1–3. Plaintiff further alleges "the ALJ did not state clear and convincing reasons for rejecting [Plaintiff's] symptom and limitation testimony . . . [and] did not properly weigh the medical evidence that [Plaintiff] had more limitations as expressed by [physicians] . . . the ALJ finding of the ability to perform work is not supported by substantial evidence[.]" *Id.* ¶ 8(a)–(c). Finally, there is no indication Plaintiff's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

\\

\\

\\

\\

\\

3

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. No. 3.

In accordance with Rule 3 of the Supplemental Rules, and this District's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons.

**IT IS SO ORDERED**.

Dated: February 17, 2026

_____

Honorable Daniel E. Butcher
United States Magistrate Judge

4

26-cv-0411-DEB